CHARLES EATON

*vs.*

WARREN A. WELLS, *et al.*

Affirmance of an order vacating an attachment, said order having been made chiefly upon the determination of questions of fact. *Held,* that under the circumstances appearing in this case, the fact that an insolvent debtor is about to sell for a fair price his property, consisting of an exempt homestead, and other real estate, with the purpose and intent to apply all the proceeds, less a part of the price received for his homestead, to pay his just debts owing to a portion of his creditors, affords no just grounds for inferring that he is about to dispose of such property with intent to defraud other creditors, or to delay them in any sense in which the word " delay" is employed in the statute authorizing attachments.

Plaintiff brought this action in the district court for Ramsey county, against Warren A. Wells, one Wing, and one Porter, as defendants, and made application therein for an attachment

against the property of Wells. The affidavit of the plaintiff, after setting out the cause of action, which is upon a promissory note made by the defendants; that Wing is a non-resident and has no property in the state; that Porter has no property not exempt, and that Wells has real property not exempt, alleges " that the said Wells is about to dispose of his property with the intent to hinder, delay and defraud his creditors, and particularly this plaintiff." The application was granted, and the attachment issued. Defendant Wells moved upon affidavits, to vacate the same, which was opposed by counter affidavits. The court granted the motion, assigning the following reasons :

" I see no evidence in the papers before me of any intent upon the part of the defendant Wells to dispose of his property with a view to defraud his creditors.

" On and prior to the first of July last he was the owner of four lots in the city of St. Paul, upon one of which was a dwelling house occupied as his homestead. The property was publicly offered for sale and at the date aforesaid a verbal agreement for the sale thereof at the sum of $5,000, was made with Henry L. Carver, who afterwards verbally consented to the conveyance of the property to one Lanpher.

" In the sale of the property the homestead lot and dwelling was estimated at three thousand dollars, and the residue of the lots at two thousand dollars. The price seems to have been a fair one, and all that could be obtained for the property after a fair effort by the defendant's agent. The property was conveyed to Lanpher on the 19th day of July, at which time as well as on the first of July, it was subject to a mortgage lien of $2,146, and a tax lien of $135 covering the whole four lots. At the same dates the three lots not included in the homestead were subject to judgment liens amounting to $1,827. The sale was made subject to the liens, and out of the balance

the defendant paid the expenses of the sale and certain gro-
cery and family bills, amounting to over $200, leaving in his
hands something over $600 to pay the expenses of moving to
and settling in Chicago a large family, including a son laboring
under a mental disorder, and two aged relatives who were
dependent upon him for support.  From the property legally
applicable to the payment of his debts he received but a little
over $100, after deducting the liens upon it.  He not only
applied that sum to the payment of his floating debts, but
appropriated a portion of the proceeds of his homestead vol-
untarily to the same purpose.  The fact that he saw fit to use
money in his hands which was exempt from the claims of his
creditors to the payment of a portion of his debts, certainly
affords no evidence of an intention to defraud other creditors.
Legally speaking, the payment was *ex gratia* and in no way
affected the exemption of the moneys retained.

"It does not appear that the defendant had any other prop-
erty, and indeed the affidavits upon the part of the plaintiff
shows him to be insolvent.

"The alleged intent to defraud creditors is disproved and
the motion to vacate the attachment must therefore be granted."

The plaintiff appeals to this court from the order vacating
the attachment.

DAVIS & O'BRIEN, for Appellant.

LAMPREYS, for Respondent.

*By the Court.*—BERRY, J.—We see no ground for disturbing
the order by which the attachment in this case was vacated.

The question presented was a question of intent, and the
reasons assigned by the court below for its determination are
quite satisfactory to our minds.  As the memorandum contain-

ing those reasons forms part of the return and appears in the report of this case, it is unnecessary to repeat it here. The court below has acted upon what seems to us to be a correct idea of the law, namely, that under such circumstances as are presented by this case, the fact that an insolvent debtor is about to sell for a fair price his property consisting of an exempt homestead, and other real estate, with the purpose and intent to apply all the proceeds, less a part of the price received for his homestead, to pay his just debts owing to a portion of his creditors, affords no just ground for inferring that he is about to dispose of such property with the intent to defraud other creditors.

It is urged, however, that it would appear from the memorandum referred to that the court below only considered defendant's alleged intention *to defraud* his creditors, while the grounds of attachment stated in the affidavit upon which the writ was allowed, and which were supported by the additional affidavits used upon the hearing of the motion to vacate, are that defendant is about to dispose of his property with the intent "*to delay*," as well as to defraud his creditors.

It is true that the memorandum is in terms confined to a consideration of the question of intention to defraud, but the order made is *general*, and vacates the attachment *generally*.

The presumption must, then, be that the court below considered all the grounds urged for and against the attachment.

Indeed it seems to us that the same course of reasoning which (as the memorandum shows) led the court to the conclusion that there was no evidence of intention to defraud creditors, leads also to the conclusion that there was no evidence of intention to delay creditors in any sense in which the word " delay " is employed in the statute. Certainly the statutory intent to delay is not to be inferred from a contemplated sale of property with intent to apply the proceeds to

the payment of just debts other than those owing to the plaintiff, or other particular creditors, or from the contemplated sale of an exempt homestead with intent to retain the whole or a portion of the proceeds thereof.

It is not sufficient that the payment of one creditor may have the *effect* to delay the payment of others by exhausting the means of payment. It is the *intent* to delay the latter which is important.

Order affirmed.